IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **AMERIHOME MORTGAGE COMPANY, LLC,** §<br>    **Plaintiff,** §<br> §<br>**VS.** §<br> §<br>**ANGEL LOZANO; KRYSTLE CHAVEZ;** §<br>**UNITED STATES OF AMERICA, ON** §<br>**BEHALF OF THE SECRETARY OF** §<br>**HOUSING AND URBAN** §<br>**DEVELOPMENT; and LUBBOCK** §<br>**COUNTY HOSPITAL DISTRICT d/b/a** §<br>**UNIVERSITY MEDICAL CENTER,**<br>    **Defendants.** | | **CIVIL ACTION NO.**<br><br>**5:25-cv-00122** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, AmeriHome Mortgage Company, LLC ("AmeriHome"), complains of Defendants, Angel Lozano; Krystle Chavez; United States of America, on behalf of the Secretary of Housing and Urban Development; and Lubbock County Hospital District d/b/a University Medical Center, stating as follows:

### I.   PARTIES & JURISDICTION

1. AmeriHome is a Delaware limited liability company, and its principal office address is 1 Baxter Way, Suite 300, Thousand Oaks, CA 91362.

2. Defendant Angel Lozano, on information and belief, is a resident of Lubbock County, Texas, residing at 2320 99th St., Lubbock, TX 79423, and may be served with process at that address.

3. Defendant Krystle Chavez, also known as Krystle Lozano, on information and belief, is a resident of Lubbock County, Texas, residing at 2320 99th St., Lubbock, TX 79423, and may be served with process at that address.

4. Defendant United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process to the U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530, with a copy to the U.S. Attorney for the Northern District of Texas, Attn.: Civil Process Clerk, 1100 Commerce Street, Third Floor, Dallas, TX 75242.

5. Defendant Lubbock County Hospital District d/b/a University Medical Center is a Texas public nonprofit with a principal address being 602 Indiana Avenue, Lubbock, TX 79415.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as AmeriHome seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

7. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Texas or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Texas, has purposefully availed itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of Texas, have purposefully availed

themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in the Northern District of Texas, Lubbock Division, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II. BREACH OF CONTRACT

9. On October 10, 2017, Angel Lozano ("Borrower") made, executed and delivered to City Bank dba City Bank Mortgage, a certain Promissory Note ("Note"), in writing, whereby Borrower promised to pay the amount of $155,138.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, City Bank dba City Bank Mortgage indorsed the Note and the same was assigned to AmeriHome.

10. On October 10, 2017, Angel Lozano and Krystle Chavez ("Borrowers") executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> **LOT ONE HUNDRED FIFTY-ONE (151), FOX RIDGE, AN ADDITION TO THE CITY OF LUBBOCK, LUBBOCK COUNTY, TEXAS, ACCORDING TO THE MAP, PLAT, AND DEDICATION DEED THEREOF, RECORDED UNDER 200647454, OFFICIAL PUBLIC RECORDS OF LUBBOCK COUNTY, TEXAS.**

Said real property has a reported mailing address of 2320 99th St., Lubbock, TX 79423 ("Property"). By executing the Security Instrument, Borrowers granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument recorded on October 12, 2017, as Instrument Number: 2017036880 in the Official Public Records of

Lubbock County, Texas, is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**.

11. AmeriHome is the record assignee of the Security Instrument under a Corporate Assignment of Deed of Trust ("Assignment"). A true and correct copy of the Assignment filed and recorded in the Official Public Records of Lubbock County, Texas, on May 23, 2019, as Instrument Number: 2019018908, is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

12. The Loan was modified by virtue of a Loan Modification Agreement filed and recorded in the Official Public Records of Lubbock County, Texas, on October 30, 2023, as Instrument Number: 2023041790, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.

13. The obligation evidenced by the Note and Security Instrument and Loan Modification is also hereinafter referred to as the "Loan."

14. Borrower, to AmeriHome's detriment, has failed to pay amounts that have come due under the Loan, although demand for payment has been made. AmeriHome provided to Borrower proper notice of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), a true and correct copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**. Each occurrence of non-performance by Borrower under the Loan as herein described is a breach thereunder.

15. Borrower's continued breach under the Loan has directly and proximately caused damages to AmeriHome in that amounts due to AmeriHome remain unpaid, and in that AmeriHome is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

16.     Borrower has not cured the default described in the Notices of Default. Consequently, AmeriHome has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. AmeriHome's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $151,500.38 as of June 1, 2024.

17.     For consideration, Borrower promised to repay the Loan in installments. Borrower breached such promise to the detriment of AmeriHome. Thus, and in accordance with Texas Rule of Civil Procedure 735, AmeriHome is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.   INTERESTS OF LIENHOLDERS

18.     Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Deed of Trust filed and recorded on September 20, 2023, as Instrument Number 2023036499, in the Official Public Records of Lubbock County, Texas, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. This interest is subordinate and inferior to AmeriHome's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

19.     Defendant Lubbock County Hospital District d/b/a University Medical Center is named herein as a defendant because it claims an interest in the Property under the terms of that certain Abstract of Judgment filed and recorded on July 21, 2017, as Instrument Number 2017026416, and certain Abstract of Judgment filed and recorded on January 3, 2018, as

Instrument Number 2018000226, in the Official Public Records of Lubbock County, Texas, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 7**. AmeriHome alleges that the judgment referenced in the Abstract of Judgment recorded as Instrument Number 2018000226 is subordinate and inferior to interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

## IV.    CONDITIONS PRECEDENT

20.    By virtue of filing this Complaint, AmeriHome hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

21.    Borrower's failure to comply with this demand entitles AmeriHome to seek foreclosure of the Property.

22.    All conditions precedent to the relief requested herein by AmeriHome have been performed or have occurred.

## V.    ATTORNEYS' FEES

23.    The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, AmeriHome may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by AmeriHome because of the default or to protect its security interest. Nationstar has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect AmeriHome's security interest in the Loan.

## PRAYER

WHEREFORE, AmeriHome Mortgage Company, LLC, prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to AmeriHome for Borrower's breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of AmeriHome, and for all other relief Court deems appropriate.

DATE: June 5, 2025

        Respectfully submitted,
        MARINOSCI LAW GROUP, P.C.

        */s/ Sammy Hooda*
        Sammy Hooda / TX State Bar No. 24064032
        16415 Addison Road, Suite 725
        Addison, Texas 75001
        Phone: 401.234.9200 x 3002
        Fax: 972.331.5240
        Email: shooda@mlg-defaultlaw.com
        **ATTORNEYS FOR PLAINTIFF**
        **AMERIHOME MORTGAGE COMPANY, LLC**