IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 5:25-CV-122-H-BV |
| ANGEL LOZANO, *et al.*, | § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this action asserting the Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 2410. Dkt. No. 1 at 2. After reviewing the complaint, Plaintiff was ordered to demonstrate that the Court has subject-matter jurisdiction. Plaintiff filed a response, continuing to maintain the Court has subject-matter jurisdiction under §§ 2410 and 1331. But now Plaintiff moves to voluntarily dismiss the case "for want of subject matter jurisdiction." Dkt. No. 26. Because no defendant objects to or will be prejudiced by such dismissal, and the Court lacks subject-matter jurisdiction, the undersigned recommends that the United States District Judge **GRANT** Plaintiff's motion and dismiss this action without prejudice.

## 1.    Procedural History

Plaintiff AmeriHome Mortgage Company, LLC (AmeriHome) filed this action against Angel Lozano; Krystle Chavez; the United States of America, on behalf of the Secretary of Housing and Urban Development (HUD); and Lubbock County Hospital

District d/b/a University Medical Center (UMC). Dkt. No. 1. "AmeriHome seeks to foreclose a lien on real property in which HUD . . . holds a subordinate lien interest." *Id.* at 2. AmeriHome asserts causes of action for breach of contract and "interests of lienholders," though it does not specify the legal bases of these claims (e.g., state law, federal law, etc.). *Id.* at 3–5. According to AmeriHome, because HUD holds a junior lien, the Court has subject-matter jurisdiction under both § 2410 and § 1331. *Id.* at 2.

Defendant UMC filed an answer to AmeriHome's complaint and asserted a "claim for affirmative relief." Dkt. No. 12 (emphasis omitted). Defendant HUD has not yet filed an answer, *see* Dkt. Nos. 23, 24, and Defendants Lozano and Chavez have not been served with process. *See* Dkt. No. 25.

The undersigned ordered AmeriHome to address subject-matter jurisdiction, explaining that § 2410 does not create a federal cause of action. Dkt. No. 19. AmeriHome filed a response insisting that the Supreme Court has held § 2410 creates a cause of action, thereby conferring federal-question jurisdiction. Dkt. No. 22 at 1–2 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005)).

AmeriHome's counsel, Attorney Sammy Hooda, filed many similar cases in this district, all asserting that the Court has jurisdiction based on § 2410. *See, e.g., Lakeview Loan Servicing LLC v. Lee*, No. 3:25-cv-0525-S-BT, Dkt. No. 1 (N.D. Tex. Mar. 1, 2025); *Pennymac Loan Servs., LLC v. Campbell*, No. 2:25-cv-022-Z-BR, Dkt. No. 1 (N.D. Tex. Jan. 30, 2025); *Lakeview Loan Servicing LLC v. Teneyck*, No. 4:25-cv-0816-P, Dkt. No. 1 (N.D. Tex. July 30, 2025); *AmeriHome Mortg. Co. LLC v. Averette*, No.

3:25-cv-1613-L-BK, Dkt. No. 1 (N.D. Tex. June 23, 2025). In one of those cases, United States Magistrate Judge Toliver held a show-cause hearing regarding jurisdiction and required Mr. Hooda to appear. *Lakeview Loan Servicing, LLC v. Darring*, No. 3:25-cv-1030-S-BK, Dkt. No. 12 (N.D. Tex. Oct. 14, 2025). Judge Toliver concluded that jurisdiction was lacking and directed Mr. Hooda to file motions to dismiss that case, as well as others basing federal jurisdiction on § 2410. *See* Dkt. No. 26 at 1 & n.1.

AmeriHome now moves to voluntarily dismiss this "action for want of subject matter jurisdiction." *Id.* at 2. AmeriHome's certificate of conference represents that the appearing Defendants are unopposed to the dismissal, but Defendants did not so stipulate. *Id.* at 3. Because at least one defendant has answered, and not all parties have stipulated and signed off on the dismissal, the undersigned construes AmeriHome's motion as one under Rule 41(a)(2).

## 2.    Legal Standard

A plaintiff may voluntarily dismiss a case without a court order if the notice of dismissal is filed "before the opposing party serves . . . an answer" or when "all parties who have appeared" file a signed "stipulation of dismissal." Fed. R. Civ. P. 41(a)(1). In all other cases, a plaintiff must obtain a court order to voluntarily dismiss an action. Fed. R. Civ. P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed *over* the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* (emphasis added). A Rule 41 voluntary dismissal is presumptively without prejudice. Fed. R. Civ. P. 41(a).

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Absent such a showing or other 'evidence of abuse by the movant,' the motion should be granted." *U.S. ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (quoting *Elbaor*, 279 F.3d at 317).

Thus, when evaluating a Rule 41(a)(2) motion, "the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor*, 279 F.3d at 317. However, another important consideration "is the stage at which the motion to dismiss is made." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Id.* On the other hand, when a plaintiff moves to dismiss before dispositive motions are filed and substantial discovery has been conducted, dismissal may be warranted. *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (per curiam).

**3.   Analysis**

Permitting AmeriHome to dismiss this action will not cause Defendants to suffer legal prejudice. AmeriHome filed its motion less than five months after initiating this action. Dkt. Nos. 1, 26. Moreover, no dispositive motions have been filed, and the undersigned assumes that the parties have engaged in very little, if any, discovery. Finally, even if UMC's "claim for affirmative relief" is a counterclaim, it does not object

to dismissal.[1] Dkt. No. 26 at 3 (emphasis omitted). Thus, the Court need not consider whether any such "counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2) (discussing handling of counterclaim when defendant objects to dismissal).

Regardless, the Court lacks subject-matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Despite AmeriHome's original position on subject-matter jurisdiction—and UMC's agreement—*see* Dkt. No. 1 at 2; *see* Dkt. No. 12 at 2—the Fifth Circuit has unequivocally stated that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Rather, "once [§ 2410] is deemed applicable in a state court action, . . . it makes available to the government § 1444, which [the Fifth Circuit has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id.* Stated differently, "[a]s a trade off for the waiver of sovereign immunity, section 1444 permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629 (describing a "conditional relationship between §§ 2410(a) and 1444"); *see also United States v. Brosnan*, 363 U.S. 237, 244–46 (1960) (stating that § 2410's "only apparent purpose is to lift the bar of sovereign immunity").

---

[1] UMC asserts that its lien is junior to AmeriHome's but superior to HUD's. Dkt. No. 12 at 4. It therefore argues that its lien "should be recognized by the Court as superior to the claims of" HUD and that if the property "is judicially foreclosed, any proceeds other than those necessary to satisfy [AmeriHome's] valid claims should be applied to the satisfaction of the outstanding judgments of UMC." *Id.*

Furthermore, the Supreme Court's subsequent opinion in *Grable* does not alter the Fifth Circuit's holding. *Grable & Sons v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (citing § 2410). In *Grable*, a footnote indicated that "[f]ederal law does provide a quiet title cause of action against the Federal Government." *Grable & Sons v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) (citing § 2410). But the Supreme Court also explained that § 2410 was "not relevant" in the case "because the Federal Government no longer ha[d] any interest in the property[,]" making the footnote dicta, not a holding. *Id.* at 311, 317 n.4. Thus, "the Supreme Court did not address whether Section 2410 creates a federal cause of action for cases filed in federal court," such as the one here. *Planet Home Lending, LLC v. Rivera*, No. 3:25-cv-2550-E-BN, 2025 WL 2712503, at *2 (N.D. Tex. Sept. 22, 2025). Under the rule of orderliness, to overrule clear Fifth Circuit precedent, the Supreme Court holding "must be more than merely illuminating with respect to the case before the Court and must unequivocally overrule prior precedent." *In re Bonvillian Marine Svc., Inc.* 19 F. 4th 787, 792 (5th Cir. 2021). Because *Grable* does not fit the bill, it does not overrule *Hussain*.

Finally, § 1331 does not supply jurisdiction. Neither AmeriHome nor UMC identify a federal law that needs to be interpreted, and as discussed above, § 2410 does not create a federal cause of action. Thus, jurisdiction is also lacking under § 1331. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016) ("Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted."); *Gutierrez v. Perez*, 543 F.3d 248, 251–52 (5th Cir. 2008) (Federal

jurisdiction exists "only if a federal question appears on the face of the plaintiff's well-pleaded complaint[.]" (citation omitted)).

In sum, the Court lacks subject-matter jurisdiction because § 2410 does not create a federal cause of action, and there is no federal law to be interpreted. AmeriHome's counsel was put on notice of the lack of jurisdiction in this case, as well as many others. *See, e.g.*, Dkt. No. 19; *Lee*, No. 3:25-cv-0525-S-BT, Dkt. No. 13; *Campbell*, No. 2:25-cv-022-Z-BR, Dkt. No. 7; *Lakeview Loan Servicing LLC v. Bolton*, No. 3:25-cv-1786-G-BN, Dkt. No. 9 (N.D. Tex. Aug. 27, 2025). But he did not move to dismiss the cases until after Judge Toliver required him to do so. The undersigned observes that, upon case filing, counsel has an obligation to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

## 4.    Recommendation

Defendants do not object to the voluntary dismissal and will not suffer plain legal prejudice. Moreover, the Court lacks subject-matter jurisdiction in this action. The undersigned therefore recommends the United States District Judge **GRANT** AmeriHome's motion and dismiss this action without prejudice and without costs.

The undersigned further recommends that the district judge caution Mr. Hooda that if he files additional cases in this Court where jurisdiction is lacking, the action is deemed factually or legally frivolous, or that otherwise fail to meet Rule 11's standards, he may be subject to sanctions, including a monetary sanction or a filing ban.

**5.      Right to Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November  17, 2025.


AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE